UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

RENDELLL ROBINSON,

        Plaintiff,

    - against -

GERALD TILLOTSON; GLEN J. TROMBLY;
JOHN H. CONKLIN; STEVEN M. WALRATH;
ORAZIO A. BUCOLO; WILLIAM A. LEE;
GERTRAUD C. ELLERT; ANTHONY J.
ANNUCCI; JOSEPH BELLNIER; ALBERT
PRACK; VERNON N. FONDA,

        Defendants.

------------------------------------X

16 Civ. 5420 (NSR)(LS)

STIPULATION OF
CONFIDENTIALITY
AND PROTECTIVE
ORDER

*and new ¶7a*

  WHEREAS the Department of Correction and Community Supervision ("DOCCS") Office of Special Investigation ("OSI") conducted an investigation that included the incident alleged in the Amended Complaint;

  WHEREAS the file relating to that investigation includes materials that are highly sensitive, potentially subject to the law enforcement privilege and statements and information received in confidence from non-parties, and which could reveal confidential investigative techniques;

  WHEREAS disclosure of the materials contained in this file would cause harm to the security of witnesses, the investigators and the facility as a whole, if revealed to the plaintiff, a former inmate, or the general public because it could result in retaliation, revealing of confidential information and could discourage cooperation in future investigations;

  NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED that:

  1.  The OSI file shall be marked and treated as Highly Confidential, and used only for

the purposes of this litigation and may be shown only to the following persons:

    a. Attorneys for Plaintiff;

    b. Attorneys for Defendant;

    c. Employees and independent contractors of the respective attorneys for Plaintiff or Defendant who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

    d. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendant, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

    e. Individual employees of DOCCS, to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS;

    f. Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendant; and

    g. The Court.

2. Notwithstanding the provisions of paragraph 1, Confidential Material may be discussed with and shown to Plaintiff, a former DOCCS inmate, as follows: (i) Plaintiff's own medical records; (ii) Plaintiff's own mental health records, provided that the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced; and (iii) Plaintiff's own statements, provided that plaintiff may not be given a copy of the material discussed in section iii.

3. No person receiving Confidential Material pursuant to this Stipulation and

Protective Order shall disclose or discuss such Confidential Material in any manner, written or oral, to or with any person who is not entitled to receive such Confidential Information pursuant to this Stipulation and Protective Order.

4. Confidential Material shall not be disclosed in open court without first affording Defendant's counsel an opportunity to contest disclosure and/or admissibility of the Confidential Information.

5. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) relating to inadvertent disclosure.

6. Within thirty (30) days of the conclusion of this Action, Plaintiff's counsel shall either return to Defendant's counsel all Confidential Material, and any copies thereof, in its custody, possession or control and any documents containing Confidential Information, in whole or in part, and any copies made therefrom or shall notify Defendant's counsel in writing that all such Confidential Information has been destroyed.

7. Nothing in this Stipulation and Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not identified in this Stipulation and Order.

Dated: New York, New York
January 15, 2020

7a. This Order is subject to Standing Order M-10-468 dated 10/5/2001, copy attached.

**LAW OFFICE OF STEVEN NEWMAN**
Attorney for Plaintiff

By: /s/ Steven Newman
Steven Newman, Esq.
65 Broadway, Suite 1603
New York, New York 10006
(212)405-1000

*Attorney for Plaintiff*

**LETITIA JAMES**
Attorney General of the State of New York
Attorney for Defendant

By: /s/ Daphna Frankel
Daphna Frankel, Esq.
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, New York 10005
(212) 416-8572

*Attorney for Defendants*

SO ORDERED:

Dated: 1/17/2020

/s/ Lisa Margaret Smith
Hon. Lisa Smith, U.S.M.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
IN THE MATTER OF RETENTION OF          :
SEALED DOCUMENTS IN CIVIL CASES        :    STANDING ORDER
                                       :    M-10-468
                                       :
----------------------------------------X



MICHAEL B. MUKASEY, CHIEF JUDGE:

Any protective order in any civil case that provides for the filing of information under seal shall include the following provision:

> "Sealed records which have been filed with the clerk shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the clerk that, should they fail to remove the sealed records within thirty (30) days, the clerk may dispose of them."

This order will be self-executing, in that the Clerk will treat all protective orders that direct the sealing of documents in civil cases as if they contain the above provision.

SO ORDERED:

Dated: New York, New York
       October 5, 2001

Michael B. Mukasey,
U.S. District Judge